CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAR - 8 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| CHRIS B. SMITH,<br>      Petitioner,<br><br>v.<br><br>GENE M. JOHNSON, DIRECTOR, ET AL.,<br><br>      Respondents. | Case No. 7:06CV00433<br><br>**MEMORANDUM OPINION**<br><br>By: Jackson L. Kiser<br>    Senior United States District Judge |

Before me now is the Respondents' Motion to Dismiss. For the reasons stated herein, I will consider the Motion to Dismiss as a motion for summary judgment. I will enter summary judgment on behalf of the Respondents on all of the Petitioner's claims. The case will be **DISMISSED** from the docket of the Court.

**I.   STATEMENT OF THE CASE AND PROCEDURAL BACKGROUND**

On October 18, 2002, a jury in the Circuit Court for the City of Lynchburg convicted the Petitioner, Chris B. Smith ("Smith"), of three counts of robbery, one count of first degree murder, one count of malicious shooting into an occupied vehicle, and four counts of use of a firearm in the commission of a felony. The jury sentenced Smith to 118 years in prison. The Court of Appeals of Virginia affirmed the conviction on May 4, 2004, and the Supreme Court of

1

Virginia refused Smith's petition for appeal on September 23, 2004 and his petition for rehearing on November 17, 2004. Smith filed a habeas petition in the Lynchburg Circuit Court on October 7, 2005. The Court dismissed that petition on December 29, 2005. The Supreme Court of Virginia refused Smith's petition for appeal on the habeas ruling on June 28, 2006.

Shortly thereafter, on July 12, 2006, Smith filed the instant petition for habeas corpus in the Western District of Virginia pursuant to 28 U.S.C.A. 2254 (2006). In this petition, Smith claims that his attorney at trial provided ineffective assistance of counsel by failing to advise Smith that he had a constitutional right to testify. Smith asserts that had he testified, he would have stated that Shawn Hay ("Hay"), one of the prosecution's witnesses, "came to petitioner with an empty pistol desperately looking for a magazine that fit [the pistol,] which he found, [and] then test fired the pistol and walked away nonchalantly." This evidence, Smith maintains, would have demonstrated that "Hay's testimony was twisted to fit the Commonwealth's theory of what actually happened." Smith also asserts that his counsel should have requested a "court appointed DNA/fingerprints expert and firearms tool expert." In addition, Smith contends that his counsel performed deficiently at trial by failing to object to the prosecutor's assessment of Hay's credibility in closing arguments. Smith further argues that I should consider the aggregate impact of each of these alleged errors on his counsel's part in evaluating his petition. Finally, Smith claims that "the trial court committed 'structural error' in refusing petitioner's tendered jury instruction defining malice and explaining that heat of passion excludes malice." On September 18, 2006, the Respondents filed a motion to dismiss Smith's petition. Smith has not responded, and the matter is now ripe for decision.

**II.    LEGAL STANDARD**

2

A district court may grant relief under § 2254 to a petitioner "in custody pursuant to the judgment of a State court" on a "claim that was adjudicated on the merits in State court proceedings" when the State court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.A. § 2254(d). "A state court's decision is contrary to clearly established federal law under § 2254(d) where it 'applies a rule that contradicts the governing law set forth' by the United States Supreme Court or 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [that] precedent.' " *Emmett v. Kelly*, 474 F.3d 154, 160–61 (4th Cir. 2007) (*quoting Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)) (alterations in original). A state court unreasonably applies clearly established federal law when it selects the correct rule from Supreme Court precedent but applies it unreasonably to a prisoner's case. *Id.* The federal courts must presume that the state court's factual determinations are correct. 28 U.S.C.A. § 2254(e)(1). A habeas petitioner bears the burden of rebutting this presumption through clear and convincing evidence. *Id.*

When a court grants a motion to dismiss after considering matters outside the pleadings, the court treats a motion to dismiss as a motion for summary judgment. *Plante v. Shivar*, 540 F.2d 1233, 1234 (4th Cir. 1976). A court possess inherent power to enter summary judgment *sua sponte*, provided that the losing party has had notice that it must come forward and defend its claim. *United States Dev. Corp. v. People Fed. Sav. & Loan Ass'n*, 873 F. 2d 731, 735 (4th Cir. 1989). On September 19, 2006, this court mailed Smith a Roseboro Notice that specifically

3

warned him that if I considered matters outside the pleadings, I might treat the Respondents' Motion to Dismiss as a motion for summary judgment. Thus, it is clear that he had sufficient notice of this possibility for me to consider the motion as one for summary judgment.

Summary judgment is appropriate when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 813 (1994). Nevertheless, when the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate; that is, the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Additionally, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

#### A. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment guarantees, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. The United States Supreme Court has concluded that " 'the right to counsel is the right to the effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (*quoting*

4

*McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970)). To prove ineffective assistance of counsel, a defendant must show that counsel performed deficiently and that the "deficient performance prejudiced the defense." *Id.* at 687. Counsel performs deficiently when his or her performance falls below an objective standard of reasonableness judged by prevailing professional norms. *Id.* at 688. To show prejudice, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Smith asserts that his counsel performed deficiently in failing to advise him about his right to testify. The state court found that his counsel did discuss this right with Smith on February 11, July 30, August 6, and August 7 of 2002. The court based this finding on the trial counsel's affidavit and notes. Therefore, the facts, as found by the state court, directly contradict Smith's claim that his counsel did not fully consult with him about his right to testify. As discussed above, these facts are entitled to a presumption of correctness in this proceeding. 28 U.S.C.A. § 2254(d). Smith has not produced any evidence or allegation that would rebut this presumption and therefore cannot succeed on this portion of his habeas claim. Because I must consider matters outside of the pleadings to reach this conclusion, I cannot simply grant the Respondent's Motion to Dismiss. Rather, I must consider their motion as one for summary judgment. Clearly, there is no genuine issue of material fact concerning this claim. As a result, I find that the Respondents are entitled to judgment as a matter of law on this claim.

Moreover, to the extent that Smith relies on his proposed testimony describing Hay's behavior on the night in question to support his ineffective assistance of counsel claim, that claim would be procedurally barred. Smith did not present this proposed testimony before the state

habeas court in his initial petition. "If claims were not exhausted in state court but would now be procedurally barred if brought in state court, then federal courts can treat the claims as if they were procedurally defaulted in the state courts." *Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000). A federal court may not consider habeas claims that the petitioner procedurally defaulted in state court. *Id.* at 379. In Virginia, "No writ [of habeas corpus] shall be granted on the basis of any allegation of facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654(B)(2) (Supp. 2006). Thus, this testimony could not form the basis for a successful writ of habeas corpus in a subsequent petition in state court. Because Smith's claim for habeas relief based on this testimony would be procedurally barred under state law, I could not grant habeas relief on a claim based on that testimony.

Next, Smith argues that his counsel provided ineffective assistance of counsel by failing to request a "court appointed DNA/fingerprints expert and firearms tool expert." The state court found that such an expert would not have been helpful to the defense and based that conclusion upon the affidavit filed by Smith's counsel. Again, Smith has not pointed to any evidence that indicates that this finding is unreasonable or rebuts this finding by clear and convincing evidence. Thus, summary judgment is appropriate on this claim as well.

Smith contends that his counsel performed ineffectively by failing to object when the prosecutor made an improper statement by vouching for Hay's credibility in closing argument. The improper statement, Smith contends, was the prosecutor's comment that "we submit to you that [Hay] was telling the truth." The state court found that this statement was classic argument, permitted under state law. *See Artis v. Commonwealth*, 213 Va. 220, 227, 191 S.E.2d 190, 195 (1972) ("Attorneys have every right to argue and comment on the testimony, the inferences and

6

conclusions to be drawn therefrom and any discrepency [sic] therein."). Consequently, the state court found that Smith's counsel did not act deficiently in failing to object to the statement and counsel's failure to object did not prejudice Smith in anyway. Smith has failed to show that either of these findings is unreasonable. As a result, I find that there is no genuine issue of material fact with respect to this claim and will also dismiss it.

Even if I find that none of these alleged errors constitute ineffective assistance of counsel, Smith urges me to consider their aggregate effect upon his trial. The Fourth Circuit has specifically held that ineffective assistance claims must be considered individually, and not collectively. *Fisher v. Angelone*, 163 F.3d 835, 852 (4th Cir. 1998). Consequently, I cannot consider the aggregate prejudice that these supposed errors had upon the fairness of Smith's trial.

### B. STRUCTURAL ERROR

Last, Smith contends, "In violation of the 5th and 6th Amendments to the United States Constitution, the trial court committed 'structural error' in refusing petitioner's tendered jury instruction defining malice and explaining that heat of passion excludes malice." In his state habeas petition Smith did not present this claim. Consequently, his claim that the trial court committed structural error by refusing his tendered jury instruction would be defaulted if now brought in a state habeas proceeding. *Clagett*, 209 F.3d at 378. As a result, I may not grant habeas relief on this claim. *Id.* at 379.

### IV. CONCLUSION

For the reasons stated above, I find that entering summary judgment on all of Smith's claims in favor of the Respondents is appropriate. I will enter judgment in favor of the Respondents and **DISMISS** this case from the docket of the Court. The Clerk is directed to send

7

a certified copy of this Memorandum Opinion and the attached Order to all counsel of record.

ENTERED this 8th day of March, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge